<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CHRISTOPHER MCLEOD, | : | |
| | : | Civil No. 23-1125 (BRM) (LDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OSCAR AVILES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Christopher McLeod's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-2). Based on his affidavit of indigence (ECF No. 1-2), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED** in its entirety.

**I. BACKGROUND**

The Court will construe the allegations in the Complaint as true for the purposes of this Opinion. Plaintiff is a pretrial detainee confined at Hudson County Correctional Facility

("HCCC"), in Kearney, New Jersey. (*See* ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Director Oscar Aviles ("Aviles") and Nurse Wint ("Wint").

Plaintiff alleges shortly after he became housed at HCCC, he began to feel "bad like [he has] never felt before." (ECF No. 1-1 at 1.) Plaintiff complained to the "pill nurse" that his head hurt, he could not breath, and his whole body felt bad. (*Id.*) The nurse told him he would be okay and that he should lay down. (*Id.*) Plaintiff then complained to the duty Sergeant Colarado and requested to see medical. (*Id.*) The Sergeant told Plaintiff he would refer him to medical, but he was never seen by medical. (*Id.*) Plaintiff asked the Sergeant "why does the Warden allow us to be infected [and] still pile us in this dormitory setting." (*Id.*)

Plaintiff seeks monetary compensation and "he wants to the jail to change the way they help sick inmates." (*Id.* at 6.)

## II. LEGAL STANDARDS

### A. Standard of Review

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

#### A. Supervisory Liability Claim

The Complaint fails to allege any facts against Defendant Aviles. (*See generally* ECF Nos. 1 and 1-1.) At most, the Court construes Plaintiff's Complaint to assert a claim for supervisory liability against Defendant Aviles.

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

The Third Circuit addressed COVID-19 in the prison setting in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020), explaining that when evaluating a detention facility's protocols, courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.*

In the Complaint, Plaintiff does not identify a specific policy or policies that Defendant failed to employ. Rather, Plaintiff appears to only argue that he became sick and was not seen by medical. Plaintiff's Complaint does not address what policies or protocols were in place to prevent the spread of the COVID-19 virus and how these policies were deficient. Plaintiff fails to address whether Defendant was aware that HCCC's COVID-19 policies created an unreasonable risk of a constitutional injury, nor does it address that Defendant was indifferent to said risk. Additionally, Plaintiff fails to allege that Defendant Aviles participated in the decision to deny Plaintiff medical care, told others to deny Plaintiff medical care, or that Defendant Aviles even knew Plaintiff was denied medical care. Thus, Plaintiff has failed to state a claim under Section 1983 for supervisory liability. Accordingly, Plaintiff's claim against Defendant Aviles is dismissed without prejudice.

**B. Personal Involvement**

The Complaint names Nurse Wint as a defendant. (ECF No. 1 at 1.) However, Defendant Wint is not named in the body of the Complaint. Plaintiff fails to include any allegations against Defendant Wint. (*See generally* ECF Nos. 1 and 1-1.)

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution.). Plaintiff has failed to allege personal involvement by Defendant Wint. Thus, any claim against Defendant Wint is dismissed without prejudice as a matter of law for lack of personal involvement. *See Iqbal*, 556 U.S. at 676.

## IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaint without prejudice. The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: March 29, 2023

*/s/ Brian R. Martinotti*  
**HON. BRIAN R. MARTINOTTI**  
**UNITED STATES DISTRICT JUDGE**